UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

AINSWORTH CLARKE,

        Plaintiff,
vs.

WELLS FARGO BANK, N.A.,

        Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, AINSWORTH CLARKE, by and through undersigned counsel, and brings this action against the Defendant, WELLS FARGO BANK, N.A. ("WELLS FARGO"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Truth In Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of TILA and RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and TILA's respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in TILA and RESPA for Defendant's failure to comply with Sections 1639g and 1641(f)(2) of TILA, Section 2605(k) of RESPA, Sections 1024.35 and 1024.36 of Regulation X, and Section 1026.36 of Regulation Z.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Palm Beach County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, WELLS FARGO was and is a National banking institution chartered and supervised by the Office of the Comptroller of the Currency ("OCC"), an agency in the U.S. Treasury Department, pursuant to the National Bank Act, duly licensed to transact business in the State of Florida, with a principal address of 420 Montgomery St., San Francisco, CA 94163, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

8. Upon information and belief, America's Servicing Company is a division of what was formally known as Wells Fargo Home Mortgage, Inc. Upon information and belief, Wells Fargo Home Mortgage, Inc. merged with and into Wells Fargo Bank, N.A. Thus, for ease of reference, America's Servicing Company, Wells Fargo Home Mortgage, Inc., and Wells Fargo Bank, N.A. will be referred to as WELLS FARGO.

9. At all times material hereto, Defendant, WELLS FARGO was and is a creditor as the term is defined in 15 U.S.C. §1602(g).

10. At all times material hereto, Plaintiff was and is a resident of Palm Beach County, Florida, and owns a home, which is Plaintiff's primary residence, in Palm Beach County.

11. At all times material hereto, WELLS FARGO, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at *** Imperial Lake Road, West Palm Beach, Florida 33413.

## BACKGROUND AND GENERAL ALLEGATIONS

12. On or about March 23, 2012, Plaintiff entered into a fixed rate promissory note agreement with Wells Fargo (the "Note").

13. The Note was secured by a mortgage on Plaintiff's residence located at *** Imperial Lake Road, West Palm Beach, Florida 33413 (the "Mortgage").

14. Plaintiff's residence is a residential structure containing one to four family housing units.

15. The Note signed by Plaintiff in connection with the Mortgage serviced by WELLS FARGO is a consumer credit transaction within the meaning of, and subject to, TILA.

16. The mortgage loan in question is a "residential mortgage transaction" as defined in 15 U.S.C. §1602(x).

17. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

18. On or about January 8, 2015, a foreclosure action was filed against Plaintiff in Palm Beach County, Florida, bearing Case No. 502015CA000345XXXXMB (the "Foreclosure").

19. After being served with the Foreclosure papers, Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") to fight to save his home.

20. In an effort to utilize the protections afforded to consumers by Congress, on or about February 16, 2015, Loan Lawyers—on behalf of Plaintiff—mailed to WELLS FARGO a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). WELLS FARGO received Plaintiff's RFI on or about February 20, 2015. A copy was also provided to WELLS FARGO's counsel.

21. A true and correct copy of same is attached as Exhibit "A".

22. Plaintiff's RFI asked WELLS FARGO to: (1) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement"); (2) identify the owner of Plaintiff's Promissory Note; and (3) provide responses to twelve specific informational requests.

23. WELLS FARGO was obligated to provide an accurate payoff statement within seven (7) business days of receipt of Plaintiff's RFI, pursuant to 15 U.S.C. § 1639g and 12 C.F.R. § 1026.36(c)(3).

24. Section 1639g of TILA, states: "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."

25. Section 1026.36(c)(3) of Regulation Z, states:

> [A] creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

12 C.F.R. § 1026.36(c)(3)

26. CALIBER was obligated to disclose the identity of the owner of the obligation, as well as its address and telephone number pursuant to Section 1641(f)(2) of TILA and Section 1024.36(d)(2)(i)(A) of Regulation X.

27. Specifically, Section 1641(f)(2) states in part: "Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation…"

28. Section 1024.36(d)(2)(i)(A) requires a servicer to provide a response "not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan."

29. WELLS FARGO, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

30. WELLS FARGO, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

31. On February 23, 2015, WELLS FARGO sent a written acknowledgement to Plaintiff's RFI.

32. Thereafter, on February 26, 2015, WELLS FARGO sent a written correspondence stating "Since the issues raised in the escalation are the same issues raised in the pending litigation, we request the court be allowed to review these issues."

33. A true and correct copy of same is attached hereto as Exhibit "B".

34. Plaintiff is unsure what WELLS FARGO means by "escalation" and how the issues in Plaintiff's RFI are the same issues raised in the Foreclosure.

35. Notwithstanding, WELLS FARGO made a unilateral decision not to respond to Plaintiff's RFI merely because the Foreclosure was pending. There is no exception to a servicer's duty to respond to a request for information pursuant to Regulation X due to pending litigation.

36. As such, on March 10, 2015, Loan Lawyers, on behalf of Plaintiff, a notice of error pursuant to 12 C.F.R. § 1024.35(b)(6) for a failure to timely provide an accurate payoff statement (the "NOE").

37. A true and correct copy of the NOE is attached hereto as Exhibit "C".

38. The NOE also informed WELLS FARGO that the ownership information of Plaintiff's loan had not been received.

39. WELLS FARGO was required to acknowledge receipt of the NOE within five (5) business days pursuant to 12 C.F.R. § 1024.35(d).

40. WELLS FARGO was required to respond to the NOE within seven (7) business upon receipt, pursuant to 12 C.F.R. § 1024.35(e)(3)(i)(A).

41. On March 16, 2015, WELLS FARGO acknowledged receipt of the NOE.

42. Thereafter, on March 26, 2015, WELLS FARGO sent a nearly identical correspondence to the February 25, 2015, correspondence.

43. A true and correct copy of same is attached hereto as Exhibit "D".

44. Exhibit "D" stated, "Since the issues raised in the escalation are the same issues raised in the pending litigation, we request the court be allowed to review these issues."

45. Thereafter, on April 8, 2015, Loan Lawyers emailed WELLS FARGO's counsel informing them that WELLS FARGO will not respond to Plaintiff's RFI. Loan Lawyers provided WELLS FARGO's counsel a copy of Plaintiff's RFI and Exhibit "D".

46. A true and correct copy of the above email is attached hereto as Exhibit "E".

47. To date, WELLS FARGO has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

48. To date, WELLS FARGO has failed or refused to provide an accurate payoff statement within seven (7) business days after receiving a request, contrary to 15 U.S.C. § 1639g and 12 C.F.R. § 1026.36(c)(3).

49. To date, WELLS FARGO has failed or refused to provide the name, address and telephone number of the owner of the Mortgage Loan, contrary to 15 U.S.C. § 1641(f)(2) and 12 C.F.R. § 1024.36(d)(2)(i)(A).

50. To date, WELLS FARGO has failed or refused to provide a compliant response to the NOE, contrary to 12 C.F.R. § 1024.35(e)(1) and 12 C.F.R. § 1024.35(e)(3)(i)(A).

## COUNT I – VIOLATION OF 15 U.S.C. § 1639g AND § 1641(f)(2)

51. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 50.

52. WELLS FARGO has violated 15 U.S.C. § 1639g by failing to provide an accurate payoff statement.

53. WELLS FARGO has violated 15 U.S.C. § 1641(f)(2) by failing to provide the ownership information for the Mortgage Loan.

54. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

55. Plaintiff is entitled to the following damages for violations of TILA by Defendant, WELLS FARGO: statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. § 1640(a)(3).

### COUNT II – VIOLATION OF 12 U.S.C. § 2605(k)

56. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 50.

57. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

58. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

59.     The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

60.     WELLS FARGO has failed to comply with 12 C.F.R. § 1024.35(e)(1) and 12 C.F.R. § 1024.35(e)(3)(i)(A) in that WELLS FARGO did not provide a complaint response to a notice of error asserted under 12 C.F.R. § 1024.35(b) within the required timeframe.

61.     WELLS FARGO has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that WELLS FARGO did not provide a response to a request for information within the required timeframe.

62.     WELLS FARGO has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(2)(i)(A) in that WELLS FARGO did not provide identity of, and address or other relevant contact information for the "owner" of Plaintiff's Mortgage Loan within ten (10) days after receiving such request.

63.     As such, WELLS FARGO has violated 12 U.S.C. § 2605(k)(1)(C), 12 U.S.C. § 2605(k)(1)(D), and 12 U.S.C. § 2605(k)(1)(E).

64.     Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

65.     Plaintiff is entitled to actual damages as a result of Defendant, WELLS FARGO's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to WELLS FARGO's failure to respond to

Plaintiff's RFI and NOE. *See* Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); Marais v. Chase Home Finance, LLC, 24 F.Supp.3d 712 (S.D. Ohio 2014)(the court, on remand, finding that actual damages encompass costs incurred in mailing QWR and "all expenses, costs, fees, and injuries" attributable to servicer's failure to appropriately respond to QWR); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

66.  Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of WELLS FARGO's pattern or practice of noncompliance with Regulation X and RESPA.

67.  In this case alone, WELLS FARGO has violated eight (8) separate provisions of Regulation X and RESPA.

68.  Moreover, Plaintiff's counsel can demonstrate numerous correspondences sent to WELLS FARGO, relating to other clients under the applicable statutes, in which WELLS FARGO failed to acknowledge or adequately respond as required by law.

69.  Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, AINSWORTH CLARKE, respectfully asks this Court to enter an order granting judgment for the following:

(a) That WELLS FARGO be required to provide an accurate payoff statement;

(b) That WELLS FARGO be required to provide the information requested in Plaintiff's RFI;

(c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1640(a) and 12 U.S.C. § 2605(f); and

(d) Such other relief to which this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, AINSWORTH CLARKE, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786